FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA H., | No. 2:22-CV-00268-SAB |
|       Plaintiff, | |
|       v. | |
| COMMISSIONER OF SOCIAL | **ORDER AFFIRMING DECISION OF** |
| SECURITY ADMINISTRATION, | **COMMISSIONER** |
|       Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by Chad L. Hatfield. The Commissioner is represented by Edmund Darcher, Erin Highland, and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 14, the Commissioner's Brief, ECF No. 16, and Plaintiff's Reply Brief, ECF No. 17.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.  Jurisdiction**

On August 25, 2017, Plaintiff filed an application for Title II disability insurance benefits, with the onset date of July 12, 2017. Plaintiff's application was

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 1**

denied initially and on reconsideration. An ALJ found Plaintiff was not disabled and Plaintiff appealed that decision to the Eastern District of Washington, which remanded for additional proceedings.

On July 20, 2022, a hearing was held by telephone. Plaintiff participated and was represented by Chad Hatfield. On September 9, 2022, the ALJ issued a ruling again finding that Plaintiff was not disabled before July 14, 2020, but finding Plaintiff became disabled on that date because her age category changed. Plaintiff filed a timely appeal on November 8, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 2**

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 3**

claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 4**

**IV.  Statement of Facts**

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

Plaintiff was 51 years old as of her alleged onset date. She has some college education and received a certificate in dental assisting. She has prior work in the medical field, including being a unit coordinator in an emergency room for 13 years. She lasted worked in 2017 and testified that she left work due to her mental impairments, which were causing her to make mistakes, miss work, and have panic attacks while working. She has also struggled with symptoms of fibromyalgia, which has further exacerbated her mental health.

Plaintiff participates in yoga, water aerobics, and works out three times a week.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 518-534. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 12, 2017, the alleged onset date. AR 520.

At step two, the ALJ identified the following severe impairments: fibromyalgia, lumbar and cervical degenerative disc disease, major depressive disorder, panic disorder, attention-deficit hyperactivity disorder, and post-traumatic stress disorder. AR 521.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 522.

The ALJ concluded that Plaintiff has an RFC to perform:

> a full range of light work as defined in 20 CFR 404.1567(b) except:
> she can frequently reach in all directions, balance, and push and pull
> with the upper extremities; she can occasionally stoop, kneel, crouch,

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 5**

crawl, and climb ramps or stairs but can never climb ladders, ropes, or
scaffolds; she can have no exposure to hazards (e.g., unprotected
heights, moving mechanical parts); she is limited to simple, routine
work with a reasoning level of 2 or less; she can have occasional,
superficial contact with the public and co-workers; she needs a
routine, predictable work environment with no more than occasional
changes; and she cannot perform fast-paced work.

AR 524.

At step four, the ALJ found that Plaintiff was not capable of performing past relevant work. AR 532.

At step five, the ALJ found that before July 14, 2020, there were other jobs that existed in significant numbers in the national economy that Plaintiff could have performed in the national economy, including representative positions such as laundry worker, price marker, and mail clerk. AR 534. Consequently, the ALJ found that Plaintiff was not disabled between July 12, 2017 and July 14, 2020.

## VI. Discussion

### A. Evaluation of the Medical Opinions

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a), (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* § 416.920c(c)(1)–(5). Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. *Id.* § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 6**

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* §§ 404.1520c(c); 416.920c(c).

Here, the ALJ reasonably evaluated the statements from Rebecca McManus, LMHCA, Pamela Wilson, LMHCA, and Derek Hennessy, PA-C.

### a. Rebecca McManus, LMHCA

Rebecca McManus, LMHCA began counseling sessions with Plaintiff in May 2019. McManus drafted a letter in February 2019 that discussed Plaintiff's description of her symptoms and Plaintiff's self-assessment regarding her functionality.

The ALJ concluded McManus was not an acceptable medical source and the opinion consisted simply of an agreement with what Plaintiff reported. The ALJ noted that McManus did not specifically rely on professional judgment, and found the statement to not be persuasive as a result.

The ALJ reasonably evaluated McManus' letter and did not err in concluding that it was not persuasive.

### b. Pamela Wilson

Pamela Wilson began treating Plaintiff in February 2022. She provided an evaluation in July 2022.

The ALJ did not evaluate this opinion. This was reasonable as the relevant time period was between July 2017 and July 2020. No where in the opinion did

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 7**

Wilson indicate that the identified limitations related back prior to 2020. The ALJ was not required to consider Wilson's opinion and therefore it was not error to not address the limitations identified in Wilson's report.

### c. Derek Hennessy, PA-C

Derek Hennessy began treating Plaintiff in September 2021. He concluded that Plaintiff's prognosis was poor with limited range of motion and decreased mobility. Hennessy concluded that Plaintiff was severely limited and was unable to perform the demands of even sedentary work. Notably, Hennessy concluded that the limitations in the report existed since at least July 2012 and this was based on the chart review of previous evaluations and treatments.

The ALJ found that Hennessy's opinion was not persuasive in assessing Plaintiff's functioning for the relevant period, given that Hennessy had only treated Plaintiff since September 2021 and other acceptable medical sources were consistently opining that Plaintiff was not precluded from work or was not limited to sedentary exertion. The ALJ's evaluation of Hennessy's opinion was reasonable and supported by substantial evidence.

### B. Plaintiff's Subjective Complaints

Plaintiff argues the ALJ erred in discounting her subjective symptoms of her physical and mental health conditions.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison*, 759 F.3d at 1014. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 8**

requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ reasonably evaluated Plaintiff's subjective symptom testimony. The ALJ provided clear and convincing reasons for finding that Plaintiff's testimony regarding her limitations was not entirely credible. The Court notes that the ALJ addressed the errors previously found by this Court, provided an independent analysis of Plaintiff's symptom testimony and did not simply repeat the prior findings. Here, the ALJ reasonably interpreted the record and the ALJ's findings are supported by substantial evidence.

### C.    Listing 14.09D

The ALJ did not err at step three in failing to address Listing 14.09D in the decision. Plaintiff did not present evidence and never explained how her conditions satisfied Listing 14.09D. Even if the ALJ erred in not addressing it in the decision, such error would be harmless because Plaintiff has not shown how she meets the criteria of the Listing.

### VII. Conclusion

Substantial evidence supports the ALJ's decision that Plaintiff was not disabled for the period of July 12, 2017 and July 14, 2020.

//

//

//

//

//

//

//

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 9**

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 14, and Reply Brief, ECF No. 17, are **DENIED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 16, is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED**.

4. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 19th day of July 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 10**